IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WHITNEY RICH, on behalf of C.M. | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-23-705 |
| DENNISON PLUMBING & HEATING, *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiff Whitney Rich ("Plaintiff"), on behalf of her minor daughter, brings this action against several Defendants alleging negligence, premises liability, strict liability, and breach of lease as a result of injuries her daughter sustained at a rental property in 2008. ECF 3. Defendants Herbert M. Dennison Trust of 2001, U.A.D. and Marilyn L. Dennison Trust of 2001, U.A.D. ("the Property Defendants") have filed a motion for judgment on the pleadings as to Count III of Plaintiff's Amended Complaint. ECF 23. The Court has reviewed Plaintiff's opposition, ECF 26, and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, the Property Defendants' motion will be granted, and judgment will be entered in favor of those Defendants as to Count III of Plaintiff's Amended Complaint.

I. **BACKGROUND**

The facts contained herein are derived from the Amended Complaint and are deemed to be true for the purposes of this motion. On March 21, 2008, a minor infant, C.M., suffered third degree burns over 40% of her body during a bath given at a rental property located at 2153 Bristol Drive in Frederick, Maryland ("the Property"). ECF 3 ¶¶ 4, 25. At the time C.M. was burned, hot water

from the bathtub/shower valves at the Property measured 132 degrees Fahrenheit (plus or minus three degrees), which exceeded the 120-degree maximum temperature allowed under Frederick County standards and the International Plumbing Code. *Id.* ¶ 26. C.M.'s injuries left her with severe hypertrophic scars and burn contractures on her backs and arms, requiring months of impatient care and scar revision procedures to continue into the future. *Id.* ¶¶ 28–29. Plaintiff alleges that the Property's hot water heater, bathtub/shower valve(s), and plumbing system lacked a functioning control device to limit the water temperature to 120 degrees, in violation of applicable codes and local regulations. *Id.* ¶ 27.

At the time of her daughter's injury, Plaintiff was renting the property from the Property Defendants. *Id.* ¶ 7. Defendant Marilyn Dennison is the trustee of the Property Defendants; the owner and operator of Defendant Dennison Plumbing & Heating ("Dennison Plumbing"); and a licensed plumber and gas fitter. *Id.* ¶¶ 3, 6. Dennison Plumbing serviced and maintained the Property's plumbing system, as well as the hot water heater and bathtub/shower valves, during Plaintiff's and her children's tenancy. *Id.* ¶¶ 8–9.

Plaintiff's Amended Complaint brings four counts: (I) negligence against Dennison Plumbing and Mrs. Dennison; (II) premises liability against the Property Defendants; (III) strict liability against the Property Defendants; and (IV) breach of lease against the Property Defendants. All Defendants have answered the Amended Complaint, and the parties are currently engaged in discovery. *See* ECF 10, 17, 19.

## II. LEGAL STANDARD

A party may seek judgment on the pleadings "after the pleadings are closed – but early enough not to delay trial." FED. R. CIV. P. 12(c). "The standard of review for Rule 12(c) motions is the same as that under Rule 12(b)(6)." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir.

2014). Thus, a court "evaluating a motion for judgment on the pleadings must assume that the well-pleaded facts alleged in the complaint are true and must draw all reasonable factual inferences in favor of the non-moving party." *Jones v. Blair Wellness Ctr., LLC*, Civ. No. ADC-21-2606, 2023 WL 5109736, at *2 (D. Md. Aug. 9, 2023) (quoting *Hamilton Jewelry, LLC v. Twin City Fire Ins. Co., Inc.*, 560 F. Supp. 3d 956, 961 (D. Md. 2021)). In addition to the pleadings, a court may consider matters of judicial notice in a motion for judgment on the pleadings. *See e.g.*, *Goldstein v. FDIC*, Civ. No. ELH-11-1604, 2014 WL 69882, at *9 (D. Md. Jan. 8, 2014) (citing *Armbruster Prods., Inc. v. Wilson*, 35 F.3d 555 (Table), 1994 WL 489983, at *2 (4th Cir. 1994)). "A Rule 12(c) motion should be granted when the pleadings "fail to state any cognizable claim for relief, and the matter can, therefore, be decided as a matter of law." *Hamilton Jewelry, LLC*, 560 F. Supp. 3d at 961 (internal quotation marks and citation omitted); *see also Haley Paint Co. v. E.I. Du Pont De Nemours & Co.*, 279 F.R.D. 331, 335 (D. Md. 2012) (quoting 5C WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367, at 208 (3d ed. 2004)).

### III.   DISCUSSION

The Property Defendants have moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as to Count III of Plaintiff's Amended Complaint. ECF 26. The Property Defendants argue that none of the activities Plaintiff identifies in the Amended Complaint are, as a matter of law, abnormally dangerous for strict liability to attach. ECF 23-1 at 9. For reasons described herein, the Court will grant the motion.

"Whether an activity is abnormally dangerous is a question of law for the court." *Gallagher v. H.V. Pierhomes, LLC*, 957 A.2d 628, 637 (Md. Ct. Spec. App. 2008) (citing RESTATEMENT (SECOND) OF TORTS § 520 cmt. *l* (1977)). To determine if an activity is abnormally dangerous, a court examines the following factors:

      a. Existence of a high degree of risk of some harm to the person, land or chattels of others;
      b. Likelihood that the harm that results from it will be great;
      c. Inability to eliminate the risk by the exercise of reasonable care;
      d. Extent to which the activity is not a matter of common usage;
      e. Inappropriateness of the activity to the place where it is carried on; and
      f. Extent to which its value to the community is outweighed by its dangerous attributes.

RESTATEMENT (SECOND) OF TORTS § 520; *see Glenn v. CSX Transp., Inc.*, Civ. No. RDB-14-802, 2014 WL 6065664, at *6 (D. Md. Nov. 12, 2014) (citing *Gallagher*, 957 A.2d at 634). To find an abnormally dangerous activity, a court need not determine that all six factors are present, but "several of them will be required." RESTATEMENT (SECOND) OF TORTS § 520 cmt. *f*.

      Applying these principles, Maryland courts have held that operation or maintenance of storage pipes, power lines, natural gas distribution systems, public water mains, and sewer systems are not abnormally dangerous activities because the underlying commodities are commonly used, possess intrinsic value to the community, may be handled with reasonable care to mitigate or eliminate risks of harm, and/or were otherwise appropriately located. *See Kirby v. Hylton*, 443 A.2d 640, 646 (Md. Ct. Spec. App. 1982); *Voelker v. Delmarva Power & Light Co.*, 727 F. Supp. 991, 994–95 (D. Md. 1989); *Dudley v. Balt. Gas & Elec. Co.*, 632 A.2d 492, 504 (Md. Ct. Spec. App. 1993); *Quigley v. United States*, 865 F. Supp. 2d 685, 695–96 (D. Md. 2012); *Westfarm Assocs. Ltd. P'ship v. Int'l Fabricare Inst.* 846 F. Supp. 422, 437 (D. Md. 1993). The Court finds the weight of these cases controlling here, because all of the activities involved bear similar attributes to the installation and operation of a hot water heater and bathtub/shower valves in a residential property.

      For example, while there is certainly "some risk" inherent in operating hot water heaters and bathtub/shower valves, plumbing regulations exist to keep hot water below 120 degrees and to keep any hot water-related injuries to a minimum. *See Dudley*, 632 A.2d at 504 ("There is, of

course, some risk involved in distribution of gas through underground pipes and meters. It is not, however, risk of a 'high degree' because federal and state regulations concerning corrosion, testing, gas leakage and inspection keep the possibilities of incidents to a minimum."). Indeed, the risk of injuries from these systems can be mitigated by adhering to such regulations or other standards of reasonable care. As Plaintiff couches most of her allegations on alleged failures to abide by these standards of care, *see* ECF 3 ¶ 55, this lawsuit is much "better suited for resolution through traditional negligence claims." *Voelker*, 727 F. Supp. at 995.

      Furthermore, the Court takes judicial notice that the operation of a hot water heater and bathtub/shower valves in residential properties are matters of common use and are intrinsically valuable. Therefore, those items are amply appropriate for placement in a residential setting. *See Toms v. Calvary Assembly of God, Inc.*, 132 A.3d 866, 880 (Md. 2016) (quoting *Yommer v. McKenzie*, 257 A.2d 138, 140 (Md. 1969)); *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) ("Under Federal Rule of Evidence 201, courts at any stage of a proceeding may judicially notice a fact that is not subject to reasonable dispute, provided that the fact is generally known within the court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.") (internal quotation marks omitted). Plaintiff concedes that tenants of rental properties use hot water and are expected to use hot water, ECF 26 at 6, but omits any explanation for how the operation of a hot water heater and bathtub/shower valves to deliver the hot water tenants expect is somehow inappropriate in a residential setting.

      In the alternative, Plaintiff suggests that the operation of a hot water heater and bathtub/shower valve(s) without a functioning temperature control device is a "more usual activit[y]," that can nonetheless be abnormally dangerous because "under [the] particular

circumstances," it created "unusual risks." ECF 26 at 7 (quoting RESTATEMENT (SECOND) OF TORTS § 520 cmt. *f*). Plaintiff cites to one case where a Maryland court held that operating a gas station, while a more usual activity, became abnormally dangerous because it also had a large underground gas tank in close proximity to a residence. *See Yommer v. McKenzie*, 257 A.2d 138, 140 (Md. 1969). Plaintiff argues that the Property Defendants' operation of the water heater and bathtub/shower valve(s) without a functioning temperature control device "is analogous to the operation of a gasoline station in *Yommer*." ECF 26 at 8.

Plaintiff's comparison fails. The *Yommer* court primarily relied on the fifth Restatement factor, finding that operating a gas station with a "large tank adjacent to a well from which a family must draw its water for drinking, bathing and laundry" was inappropriate for the place it was located. 257 A.2d at 140. The same could not be true for operating a hot water heater or bathtub/shower valve(s) in a residential property, which is a fully appropriate (and required) place to operate those appliances. *See* INT'L RESIDENTIAL CODE § M2005 (2021); ECF 23-1 at 8–9. Plaintiff fails to provide the Court with any other legal authority or reasoning to support finding the activities in this case to be abnormally dangerous.

IV.  **CONCLUSION**

For the foregoing reasons, the Property Defendants' motion for judgment on the pleadings as to Count III of the Amended Complaint, ECF 26, is GRANTED. A separate order follows.


Dated: September 15, 2023                                  /s/
                                                   Stephanie A. Gallagher
                                                   United States District Judge