IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| WHITNEY RICH, on behalf of C.M., | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: SAG-23-705 |
| DENNISON PLUMBING & HEATING, *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiff Whitney Rich ("Plaintiff") seeks reconsideration of this Court's January 7, 2025 decision granting summary judgment for defendants as to Counts I and II of her complaint. ECF 51. Defendants Dennison Plumbing & Heating (the "Plumbing Defendant") and Marilyn L. Hess, individually and as Trustee of the Herbert M. Dennison Trust of 2001, U.A.D. and the Marilyn L. Dennison Trust of 2001, U.A.D. ("the Landlord Defendants") have opposed the motion for reconsideration, ECF 55, 56, and no reply has been filed. The Court has reviewed the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, the motion for reconsideration will be denied.

I.   SUMMARY OF ISSUES

This case arises out of serious burns suffered by an infant in the bathtub of a rental townhome. Plaintiff is the infant's mother, and on behalf of her minor child she sued the Landlord Defendants and the Plumbing Defendant, a plumbing company owned by the landlord family. In a January 7, 2025 opinion, this Court excluded the testimony of Plaintiff's designated expert witness, Jason S. Kiddy, Ph.D., and concluded that absent any expert testimony, Plaintiff had offered no evidence to establish the standard of care required to advance her negligence claim

1

against any defendant. In also granting summary judgment on Plaintiff's premises liability claim, this Court relied in part upon the general rule that a landlord is not liable for injuries caused by defects or dangerous conditions in a leased premises, because the landlord "has parted with control" of the premises upon the execution of the lease. *See* ECF 48 (citing *Marshall v. Price*, 162 Md. 687, 689 (Ct. App. 1932)). This Court noted the absence of any evidence or expert testimony that might remove this case from the general rule of landlord non-liability. This Court therefore granted summary judgment as to the negligence and premises liability counts, but denied summary judgment as to a breach of lease count that the parties had not addressed in their summary judgment briefing.

## II.     LEGAL STANDARD

Where a district court issues an interlocutory order such as an order for partial summary judgment "that adjudicates fewer than all of the claims," the court retains discretion to revise such order "at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). Compared to motions to reconsider final judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b) affords the Court greater flexibility to revise an interlocutory order before final judgment. *See Carlson v. Boston Scientific Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003); *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015).  But the Fourth Circuit has "consistently affirmed denials of motions to reconsider summary judgment rulings where the motion is merely a vessel for the very evidence that was initially lacking in opposition to summary judgment." *Carlson*, 856 F.3d at 326 (citing *Cray Commc'ns, Inc. v. Novatel Comput. Sys., Inc.*, 33 F.3d 390, 395 (4th Cir. 1994); *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 661–62 (4th Cir. 1992); *Carteret Sav. Bank, P.A. v. Compton, Luther & Sons, Inc.*, 899 F.2d 340, 341–42 (4th Cir. 1990)).

### III.     DISCUSSION

Plaintiff's reconsideration motion contains two primary arguments: (1) that she can use Herbert Dennison III as a plumbing expert to establish the standard of care owed by a plumber and to render expert opinions regarding other matters; and (2) that this Court erroneously applied the general rule of landlord non-liability in this case. Each argument is addressed below.

With respect to Plaintiff's proposed use of Mr. Dennison as an expert witness, this Court disagrees. As noted above, even in the context of a partial summary judgment ruling, a motion for reconsideration cannot be used as a "do-over," permitting a party to test new theories and evidence it chose not to advance when litigating the initial motion. To prevent such an endless cycle of litigation, courts only consider new evidence on a motion for reconsideration if the newly proffered evidence was unavailable, for some justifiable reason, during the initial briefing *See RGI, Inc.*, 963 F.2d at 662 (concluding that a district court can accept new evidence in a reconsideration posture as long as the party provides justification for why the evidence was not presented previously).

Here, Plaintiff offers no such justification. Plaintiff rested on Mr. Kiddy's testimony, not Mr. Dennison's, as her expert testimony when litigating summary judgment. Plaintiff did cite (and attach) very limited portions of Mr. Dennison's deposition testimony to her summary judgment briefing, ECF 42-2, but those excerpts were solely focused on Mr. Dennison's confirmation that his parents had performed plumbing work at the rental property. None of the questions asked to Mr. Dennison at deposition as an "expert witness" were presented to this Court in the initial summary judgment briefing, nor were the portions of the transcript on which Plaintiff now seeks to rely on reconsideration. ECF 51. Thus, even had Mr. Dennison been properly designated as an expert witness, Plaintiff cannot now proffer new portions of his testimony in support of a new

3

contention that his testimony constitutes the expert evidence required to survive summary judgment.

More fundamentally, however, Mr. Dennison was never properly designated as an expert witness by any party. Fed. R. Civ. P. 26(a)(2) sets forth the requirements for disclosure of an expert witness. Even presuming that Mr. Dennison was not within the category of expert witnesses who have to produce the detailed report required by Rule 26(a)(2)(B), a proper expert disclosure of a hybrid fact/expert witness has to include the subject matter on which he is expected to present evidence and a summary of the facts and opinions to which he is expected to testify. Rule 26(a)(2)(C). But no party ever made a Rule 26-compliant disclosure with respect to Mr. Dennison. The Plumbing Defendant's statement that it "reserves the right to call any and all officers and employees of Dennison Plumbing & Heating, including but not limited to Herbert Dennison III, as an expert in the field of plumbing and heating" is not a valid or sufficient expert disclosure. ECF 51-2 ¶ 2. Plaintiff's attempt to rely on that statement, plus its own catch-all statement that she "reserves the right to call any expert witness named by any party to this case, as well as any person who is called as a witness by another party with the appropriate qualifications," ECF 51-3 ¶ 8(b), is unavailing. Adding one insufficient disclosure to another insufficient disclosure, in this instance, does not create a sufficient disclosure. It simply multiplies the deficiencies in both purported "disclosures." And in fact, at the deposition of Mr. Dennison, Plaintiff's counsel acknowledged those same deficiencies, noting that he objected to the Plumbing Defendant using Mr. Dennison as an expert "because none of the elements necessary under Federal Rule of Civil Procedure 26(a)(2) (B) has been satisfied with respect to Mr. Dennison as an expert."[1] Dep. 14-16. Plaintiff

---

[1] This Court also agrees with Defendants that Mr. Dennison's testimony, read as a whole, does not establish many of the things Plaintiff now asserts. But this Court need not reach that issue because Mr. Dennison cannot be used as an expert witness by Plaintiff or any other party.

has only now espoused the opposite position in a last-ditch effort to salvage her negligence claims. despite her failure to adduce sufficient evidence at the summary judgment stage.

Similarly, this Court's reliance on the general rule of landlord non-liability where the landlord has ceded control of the premises does not provide grounds for reconsideration. Plaintiff argues that the landlords did not cede "control of the premises" because they retained responsibility for repairing or replacing the water heater under the terms of the lease. *See* ECF 55-2 ¶ 8 (listing the other chattel that the landlord will not replace and that the tenant must repair). But the issue of responsibility for providing a functioning water heater is distinct from the issue of "control of the premises." Once Plaintiff leased the townhome, the lease limited her landlords' ability to enter the premises. ECF 55-2. On a daily basis, Plaintiff ,not the landlords, controlled the townhome in its entirety and the access to its water heater and its temperature controls.

Plaintiff also cites several cases in which exceptions were found to the rule of landlord non-liability, but each of those cases presents exceptions and is readily distinguishable from this case. For example, in *Hemmings v. Pelham Wood Ltd. Liability Partnership*, 375 Md. 522 (2003), the plaintiff's injury occurred in the common area of an apartment building, over which the landlord maintained control despite having leased the apartments themselves to tenants. In *Matthews v. Amberwood Assoc.*, 351 Md. 544, 556–57 (1998), the landlord was found liable for an injury sustained in a tenant's apartment based on his decision to continue to allow a dangerous dog in an apartment building despite an enforceable "no pets" clause in the lease. In *Comm. Realty Co. v. Nat'l Distillers Prods. Corp.*, 196 Md. 274 (1950), the Court found the landlord responsible for damage caused by a burst water pipe in a multi-defendant building rented for storage only, where the tenant who suffered damage to their unit did not have control over the entirety of the building and had never used the water in any respect. Finally, in both *Katz v. Holsinger*, 264 Md.

5

307 (1972) and *Farley v. Yerman*, 231 Md. 444 (1963), the plaintiffs offered evidence that the landlords had made express contractual representations that particular repairs would be undertaken, which later were not.[2] As this Court explained in its January 7, 2025 opinion, this case does not fall into any of those exceptions to the general rule that a landlord is not liable for damage after ceding control of the premises to a tenant. Accordingly, while this Court has "reconsidered" and reviewed Plaintiff's arguments, it declines to alter its original conclusion that summary judgment is warranted on the negligence and products liability counts.

IV.   **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration, ECF 51, is DENIED. A separate order follows.

Dated: April 29, 2025                                             /s/
                                                                            Stephanie A. Gallagher
                                                                            United States District Judge

---

[2] Here, while there is a fact dispute about whether Plaintiff told her landlord on one or two occasions that the water was excessively hot, Plaintiff offers no evidence that the landlord promised to take any action in response or committed to fix the water heater.